
FILED
 2011 May-05  AM 11:05
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTIE THOMAS AND NICK CONNELL, ) ) ) Plaintiffs, ) ) v. ) JACK'S FAMILY RESTAURANTS, ) INC.; DAVID DENMARK; AND ) CHRIS SMITH, ) ) Defendants. ) | CIVIL ACTION NUMBER: 2:10-cv-03085-IPJ |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et *seq.,* the named Plaintiffs in this action (hereinafter collectively referred to as 'Plaintiffs") come before the Court, together with the Defendants, Jack's Family Restaurants, Inc., David Denmark and Chris Smith (hereinafter collectively referred to as "Defendants"), by and through their respective undersigned counsel of record (sometimes hereinafter referred to as the "Parties"), and move this Court to approve the Parties' stipulated settlement set forth herein, as required by the FLSA, and to enter the stipulated Order Approving Settlement prepared and submitted by the Parties' respective counsel for that purpose. This settlement contemplates payment to two individual plaintiffs for their purported FLSA damages, and provides payment of attorneys' fees and costs to Plaintiffs' counsel

incurred in the prosecution of this lawsuit.  In support of this Motion, the Parties jointly represent to the Court as follows:

1. The original named Plaintiffs, Mattie Thomas and Nick Connell, filed this action on November 15, 2010.  The Plaintiffs contended that they were entitled to recover from the Defendants unpaid overtime wages pursuant to 29 U.S.C. § 216(b).  The crux of Plaintiffs' FLSA claims is that they were not properly paid for some "off the clock" work that they performed, resulting in uncompensated overtime for certain weeks. Defendants denied all allegations, and defended the same, both on a factual and legal basis.  The existence and amount, if any, of any such uncompensated "off the clock" work was greatly disputed.

2. Counsel for the Parties have formally and informally exchanged a large volume of payroll and personnel data in connection with the evaluation and negotiation of this settlement.

3. A separate individualized weekly analysis of time and payroll records was performed for each of the Plaintiffs by, or at the direction of, the Parties' respective counsel and compared with the allegations and claims made by each of the Plaintiffs, considering each Plaintiffs job classification. From this individualized analysis of the disputed fact and the law, the Parties negotiated and determined the settlement amounts to be paid to Plaintiffs Mattie Thomas and Nick Connell as set forth in the Stipulation of Settlement below.

4.      Counsel for the Parties reached an agreement to settle this action contingent upon the Court's approval. The Parties' Stipulation of Settlement is as follows:

   a.   Jack's Family Restaurants, Inc., David Denmark and Chris Smith shall be dismissed from this action, with prejudice, as it pertains to the claims of all Plaintiffs, each party to bear their and its own attorneys' fees and costs, except for as provided in subsection d., below;

   b.   Defendants shall pay Mattie Thomas aggregate gross settlement proceeds of $7,000 by paying to her one $3,500 payment, denominated as wages, less the deduction of any taxes and any amounts required by law to be withheld from that check, and a second payment of $3,500 as liquidated damages from which there will be no amounts withheld.

   c.   Defendants shall pay Nick Connell aggregate gross settlement proceeds of $7,000 by paying to him one $3,500 payment, denominated as wages, less the deduction of any taxes and any amounts required by law to be withheld from that check, and a second payment of $3,500 as liquidated damages from which there will be no amounts withheld.

   d.   Defendants shall pay Plaintiffs' counsel, for attorneys' fees and reimbursement of costs expended in the prosecution of this action, the collective amount of $32,000;

   e.   Mattie Thomas and Nick Connell shall acknowledge their individual consent to this settlement and shall waive and release all claims against Jack's Family Restaurants, Inc., David Denmark and Chris Smith in writing;

   f.   Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as an admission, finding, conclusion or judgment of an FLSA violation on behalf of the Defendants or liability to the Plaintiffs, or any other violation or liability whatsoever,

        including liability for liquidated damages, as a primary motivation for Defendants agreement to a resolution of this matter was to avoid the uncertainty and additional expense of continued litigation;

  g.  Defendants will pay Plaintiffs' counsel for attorneys' fees and reimbursement of costs set forth in sub-paragraph d., and will provide all of the checks as set forth in this Stipulation of Settlement to Plaintiffs' counsel, within fourteen days (14) days of the date that the Court enters approval of the settlement and the Plaintiffs have executed the appropriate waiver and release as referenced in paragraph e above, if not prior to.

6.    Each party to this Agreement has had a fully informed opportunity to review and analyze the voluminous payroll, personnel data and the individualized calculations made by the other party. Furthermore, the Parties reviewed and analyzed the defenses asserted by Defendants.  While the Parties are not in agreement about all the inferences that might properly be drawn from such, they are confident that continued litigation of this cause would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

7.    Defendants deny any liability whatsoever, but the Parties recognize that these claims would require the Parties to incur substantial fees and costs[1] to litigate to final judgment and that a "take nothing" judgment by jury trial would be uncertain. Plaintiffs share Defendants' concerns about litigation costs and recognize the risk of a summary judgment being granted against Plaintiffs' claims,

---

[1] At a minimum, the parties anticipated the filing of cross motions for summary judgment.

and inherent difficulty of testimony-based offers of proof and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.

8. Plaintiffs believe that the amounts they will receive pursuant to this settlement reflect a substantial portion of or more than what they could expect to recover if they were to prevail at trial.

9. Short of a final judgment after trial on the merits, there are only two ways to settle an FLSA claim authoritatively — in an administrative process supervised by the Wage and Hour Administrator of the United States Department of Labor or by judicial approval of a compromise settlement, entered as a final judgment in an action brought under the FLSA. See *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Stalnaker v. Novar Corp.,* 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003).

10. In light of the foregoing, the Parties respectfully request that the Court (1) approve their Stipulation of Settlement contained in Paragraph 4, and its subparts, as a fair and reasonable disposition of the claims and defenses asserted in this action; (2) approve the itemized monetary distribution to Plaintiffs and the payment of attorneys fees and costs as set forth in the Stipulation of Settlement contained in Paragraph 4 of this motion; and (3) dismiss this action, with prejudice, provided that any party may reinstate the action within sixty (60) days from the

date of the entry of this order if the terms of the settlement agreement are not consummated.

11. Defendants agree to deliver settlement checks directly to Plaintiffs' counsel as set forth herein.

WHEREFORE, PREMISES CONSIDERED, the Parties so move the Court through their respective undersigned counsel of record, this 5th day of May, 2011.

Respectfully submitted,

/s/ David A. Hughes
David A. Hughes
Attorney for Plaintiffs
Hardin & Hughes, LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 344-6690
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

Respectfully submitted,

/s/ Michael L. Thompson
Michael L. Thompson
Attorney for Defendants
Lehr, Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL 35202-1945
Telephone: (205) 326-3002
Fax: (205) 326-3008
E-mail: mthompson@lehrmiddlebrooks.com